UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHAT VAN DUONG (A# 025-131-844),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-02715-DC-SCR (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 3, 8, 10) |

Petitioner, a federal immigration detainee proceeding pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 6, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 8.) On May 12, 2026, Respondents filed objections to the findings and recommendations, merely objecting "[f]or the reasons set forth in [their] April 22, 2026 briefing." (Doc. No. 9.) However, Respondents' arguments were already addressed by the magistrate judge in this case. The undersigned has also addressed these arguments on analogous facts. *See, e.g.*, *J.R.M.J. v. Wofford*, No. 1:25-cv-01567-DC-SCR, 2026 WL 1948264 (E.D. Cal. July 6, 2026) (granting habeas relief for petitioner detained pursuant to 1231(a)(6) because of the petitioner's prolonged detention and inability to

adequately defend himself at the English-only statutorily mandated informal interview provided to him following the revocation of his release).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.[1] However, consistent with this court's previous decisions, the court finds that requiring Respondents to provide Petitioner with an interview and custody review pursuant to 8 C.F.R. § 241.4(l)(3) and a post-deprivation bond hearing is the appropriate relief under the circumstances of this case, rather than immediate release from custody.

This court has previously found that when a noncitizen is re-detained for non-pretextual reasons without statutorily required process, the proper remedy is that statutorily required process, not immediate release. *See, e.g.*, *Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) (ordering bond hearing under 8 U.S.C. § 1226(a) where noncitizen was re-detained without bond hearing but government articulated non-pretextual changed circumstance warranting detention); *Vang v. Albarran et al.*, No. 1:26-cv-02996, Doc. No. 12 (E.D. Cal. May 6, 2026) (ordering the government to provide the petitioner with an informal interview pursuant to 8 C.F.R. § 241.4(l)(1) rather than release when the petitioner's release was revoked for non-pretextual reasons); *J.R.M.J.*, No. 1:25-cv-01567-DC-SCR, 2026 WL 1948264 (ordering bond hearing rather than immediate release where "Petitioner [did] not have a statutory right to a pre-deprivation bond hearing . . . and did not have a constitutional right to a pre-deprivation bond hearing at the point of his detention.").

[1] The court notes that since the findings and recommendations were issued, time has elapsed such that Petitioner has now been detained for more than seven months, meaning Petitioner's detention has exceeded the presumptively reasonable six-month detention period discussed in *Zadvydas v. Davis*, 533 U.S. 678 (2001). This court has previously held that where a noncitizen has been detained for a prolonged period without a foreseeable end date, the government must provide the noncitizen with a bond hearing at which the government bears the burden by clear and convincing evidence to justify the noncitizen's continued detention. *See, e.g.*, *Nasar v. Warden*, No. 2:26-cv-00433-DC-AC, 2026 WL 731160 (E.D. Cal. Mar. 16, 2026) (granting temporary restraining order and ordering a second bond hearing before an immigration judge for the petitioner where nine months had elapsed since the petitioner was detained pursuant to § 1225(b) and had received such a hearing).

Here, Petitioner was re-detained pursuant to 8 C.F.R. § 241.4(l)(1) because he violated the conditions of his OSUP. (Doc. No. 7-1 at 159.) Specifically, Petitioner's RAP sheet shows that he was convicted of felony burglary on November 19, 2024. (Doc. No. 7-1 at 65–66). Respondents thus provided a non-pretextual reason that may warrant revocation of Petitioner's prior release under the applicable statute. *See* 8 C.F.R. §§ 241.4(l)(2)(ii), 241.13(i)(1). Thus, the court will order Respondents to provide Petitioner with an informal interview pursuant to 8 C.F.R. § 241.4(l)(1). Further, because Petitioner's detention has now exceeded the presumptively reasonable six-month detention period pursuant to *Zadvydas*, the court will also order Respondents to provide Petitioner with a post-deprivation bond hearing.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 6, 2026 (Doc. No. 8), are ADOPTED IN PART;

2. Petitioner Phat Van Duong's (A# 025-131-844) application for a writ of habeas corpus (Doc. No. 1) is GRANTED;

3. Within ten (10) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner with an informal interview and conduct a custody review for Petitioner pursuant to 8 C.F.R. §§ 241.4(l)(1) and (3). At the interview, Petitioner must be provided the opportunity to respond to the reasons for revocation of his OSUP and his ongoing detention;

4. If Respondents fail to provide Petitioner with a statutorily compliant informal interview and custody review within ten (10) days of the date of entry of this order, Petitioner shall be immediately released from Respondents' custody on the same terms outlined in Petitioner's previous OSUP;

5. If Petitioner is not released following the custody review pursuant to 8 C.F.R. § 241.4(l)(3), Respondents are ORDERED to provide Petitioner a bond hearing, within fourteen (14) days of the date of entry of this order, before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified;

6. If Respondents fail to provide Petitioner with a compliant bond hearing within fourteen (14) days of the date of entry of this order, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's terms outlined in Petitioner's previous OSUP;

7. Within fifteen (15) days of the date of entry of this order, Respondents are ORDERED to file a status report with the court confirming their compliance with this order;

8. Petitioner's motion to appoint counsel (Doc. No. 3) is DENIED as having been rendered moot by this order;

9. Petitioner's motion for an order to compel (Doc. No. 10) is DENIED as having been rendered moot by this order;

10. The Clerk of the Court is directed to serve a copy of this Order on California City Detention Facility; and

11. The Clerk of the Court is directed to enter judgment in Petitioner's favor and close the case.

IT IS SO ORDERED.

Dated: **August 11, 2026**

Dena Coggins
United States District Judge